### In re ACKER.
### No. 18873.

District Court, W. D. Pennsylvania.
Jan. 28, 1935.

Harry H. Frank, of New Castle, Pa., for bankrupt.

E. M. Underwood, of New Castle, Pa., referee.

Robert L. Wallace, of New Castle, Pa., for mortgagee.

SCHOONMAKER, District Judge.

On December 21, 1934, debtor filed a petition under the provisions of section 75 (s) of the Bankruptcy Act of 1898, as amended by Act June 28, 1934 (11 USCA § 203 (s), asking to be adjudged a bankrupt. On this petition a rule was granted returnable January 17, 1935.

William L. Kuhn and Maude S. Kuhn, mortgage creditors, answered this rule alleging that Acker is attempting to procure an extension and satisfaction of this mortgage against his real estate by payment of the appraisal value of said section 75 (s) and asserting that said provision of the act is unconstitutional, because in conflict with the Fifth Amendment to the Constitution of the United States.

However, the debtor has not, up to the present time, filed any petition for the appraisement of his property as authorized by said subsection (s). He merely asks to be adjudged a bankrupt. There can be no constitutional objection to such an adjudication. If he later files a petition under said subsection for the appraisement of his property and the payment of the appraisal value of the mortgaged property in satisfaction of the mortgage, the question of constitutionality of this provision of the act would then be before us.

We will pass no opinion now on that provision of the act. The Supreme Court has indicated that in the realm of constitutional law it is improper to decide any question beyond the necessities of the immediate issue. Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 397, 47 S. Ct. 114, 71 L. Ed. 303, 54 A. L. R. 1016.

The rule will therefore be made absolute, and the debtor adjudged a bankrupt.